UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GUADALUPE MARIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No.  21-cv-06372-VKD<br><br>**ORDER GRANTING DEFENDANT RODRIGUEZ'S MOTION TO CONTINUE OR VACATE TRIAL**<br><br>Re: Dkt. No. 56 |

Plaintiff Guadalupe Marin filed this civil rights action, alleging that defendant Officer Matthew Rodriguez used excessive force against her. Dkt. No. 1. On defendant Rodriguez's prior unopposed motion to stay these proceedings, the Court vacated the jury trial that was scheduled to occur in April 2023. *See* Dkt. Nos. 29, 31, 35. Following a further case management conference, the Court re-set the trial to take place in May 2024. Dkt. No. 42.

Defendant Rodriguez subsequently filed the present motion to continue or vacate the May 2024 trial, pending the resolution of the parallel state court criminal proceeding against him based on the incident with Ms. Marin. Dkt. No. 56. Defendants City of San Jose ("City") and Tyler Moran joined in the motion. Dkt. No. 57. Ms. Marin opposed the motion. Dkt. No. 58. The Court heard the matter on shortened time on March 26, 2024.[1] *See* Dkt. Nos. 59, 60. Following the hearing, the Court issued an order vacating the May 2024 trial dates and related deadlines and appearances. Dkt. No. 61. As noted in that order, and based on the discussion at the motion hearing, the Court now issues the present order explaining its decision.

---

[1] As discussed at the hearing, defendant Rodriguez's motion was not properly filed as an administrative motion for relief.

1    In resolving this motion, the Court focuses, not on Rule 16, but rather the factors set out in
2    *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995).  Although "[t]he Constitution
3    does not ordinarily require a stay of civil proceedings pending the outcome of criminal
4    proceedings," a court has discretion to stay civil proceedings "when the interests of justice seem to
5    require such action." *Id.* at 324 (quotations and citation omitted).  "The decision whether to stay
6    civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the
7    particular circumstances and competing interests involved in the case.'"  *Id*. (quoting *Fed. Savings
8    & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  Courts "consider 'the extent
9    to which the defendant's fifth amendment rights are implicated.'"  *Id*. (quoting *Molinaro*, 889 F.2d
10   at 902).  In addition, courts generally consider:  (1) the plaintiff's interest in proceeding and the
11   potential prejudice to her caused by a delay; (2) the burden that proceeding may place on the
12   defendant; (3) the convenience of the court in managing its case load and the efficient use of
13   judicial resources; (4) the interests of third parties; and (5) the interest of the public in the pending
14   civil and criminal proceedings.  *Id*. at 324-25 (citing *Molinaro*, 889 F.2d at 903).

15   As discussed at the hearing, defendant Rodriguez's fifth amendment rights are directly
16   implicated in the present action and carry significant weight in the Court's analysis.  Indeed, at the
17   motion hearing, Ms. Marin agreed that the issues in the pending state criminal proceeding are not
18   merely co-extensive with those in the present litigation—they are identical.  While Ms. Marin
19   argues that defendant Rodriguez is free to assert his fifth amendment rights in this civil action, the
20   prejudice articulated by defendants in properly defending against her claims flows precisely from
21   defendant Rodriguez's assertion of his right against self-incrimination.  Although the public has a
22   general interest in expeditious resolution of this matter, in the particular circumstances presented
23   by Ms. Marin's claims, the Court does not find that the public's interest overrides defendant
24   Rodriguez's due process rights.  Nor does the Court find its interest in the management of its
25   docket to be compelling compared to the other interests in question.  Ms. Marin, who noted some
26   health concerns at the hearing, has an interest in the expeditious resolution of the present litigation.
27   The Court has directed the parties to confer for the purpose of agreeing on measures to mitigate
28   her legitimate concerns about potential prejudice due to the delayed trial of this matter.  *See* Dkt.

No. 61.  Moreover, the Court does not intend to stay this case for an indeterminate period, but will re-set the trial based on information provided in the parties' forthcoming status report.

Based on the foregoing, defendant Rodriguez's motion to vacate or continue the trial is granted.  The parties' obligations regarding a May 10, 2024 joint status report remain as previously ordered.  *See* Dkt. No. 61.

**IT IS SO ORDERED.**

Dated: May 7, 2024

*[signature]*
Virginia K. DeMarchi
United States Magistrate Judge